J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Avenue, Suite 200
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

Miriam Kim (SBN 238230)
*miriam.kim@mto.com*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-3089
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Andrew G. Prout (SBN 287325)
*andrew.prout@mto.com*
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant BCC Korea

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br><br> Plaintiffs, <br> v. <br> Marcia Tiago, et al., <br><br> Defendants. | Case No. CV15-05961 JFW (Ex) <br><br> CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT BCC KOREA ONLY |

The Court, having read and considered the Joint Stipulation Re Entry of [Proposed] Consent Judgment and Permanent Injunction as to Defendant BCC Korea Only that has been executed on behalf of Plaintiffs Seiko Epson Corporation and

Epson America, Inc. (collectively "Plaintiffs"), on the one hand, and BCC Korea, on the other hand, and good cause appearing therefore, hereby rules as follows:

WHEREAS, BCC Korea is (i) identified as Doe No. 1, (ii) that the Complaint will be deemed to have been amended to identify BCC Korea as Doe No. 1, and (iii) that the amended Complaint will be deemed to have been served upon it as required by Fed. R. Civ. P. 4;

WHEREAS, for purposes of this case only, this Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Service of process is deemed properly made against Defendant for purposes of this case only;

WHEREAS, BCC Korea consents to this Court's jurisdiction over it for purposes of entry and enforcement of this Consent Judgment and Permanent Injunction;

WHEREAS, Plaintiffs have alleged that they are the owners or exclusive U.S. licensees of all rights in and to the trademark registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference (collectively, the "Trademarks");

WHEREAS, Plaintiffs have alleged that they have expended considerable resources in the creation and commercial exploitation of the Trademarks on merchandise and in the enforcement of their intellectual property rights in the Trademarks;

WHEREAS, Plaintiffs have alleged that BCC Korea has made unauthorized uses of the Trademarks or substantially similar likenesses or colorable imitations thereof;

WHEREAS, BCC Korea denies all of Plaintiffs' allegations and further denies engaging in any unlawful conduct, but in the interests of avoiding the time and expense of litigation, has reached an agreement with Plaintiffs for resolution of the

action, the full terms and conditions of which are set forth in a document titled "Release and Settlement Agreement," dated October 9, 2015 (the "Settlement Agreement"), and incorporated herein by reference in their entirety; and

THEREFORE, BCC Korea consents and stipulates to this Consent Judgment and Permanent Injunction in favor of Plaintiffs as follows:

1) BCC Korea and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of the injunction are hereby restrained and enjoined from directly or indirectly infringing the Trademarks through the manufacture, importation, distribution, advertising, selling and/or offering for sale in the United States of infringing gray market goods which infringe the Trademarks, and, specifically, manufacturing, distributing, advertising, selling and/or offering for sale in the United States any infringing gray market inkjet printers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the Trademarks.

2) Each side shall bear its own fees and costs of suit.

3) Except as provided herein, all claims alleged in the operative Complaint against Defendant BCC Korea only, are dismissed with prejudice.

4) This Consent Judgment and Permanent Injunction shall be deemed to have been served upon BCC Korea at the time of its execution by the Court.

5) The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Judgment and Permanent Injunction against BCC Korea only.

6) This Consent Judgment and Permanent Injunction does not alter or supersede the obligations of any parties pursuant to the Settlement Agreement.

7) The Court shall retain jurisdiction over the parties and this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement, modify, or enforce the provisions of this Consent Judgment and Permanent Injunction.

8) The above-captioned action shall be reopened should BCC Korea default under the terms of this Consent Judgment and Permanent Injunction.

THE CLERK IS DIRECTED TO ENTER THIS JUDGMENT FORTHWITH.

DATED: November 4, 2015

_____
Hon. John F. Walter
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A Prof. Corp.

By: _____
      J. Andrew Coombs
      Annie S. Wang
Attorneys for Plaintiffs Seiko Epson
Corporation and Epson America, Inc.

MUNGER, TOLLES & OLSON LLP

By: _____
      Andrew G. Prout
Attorneys for Defendant BCC Korea

## EXHIBIT A

| Trademark | Trademark Registration No. | Trademark Registration Date | International Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9, 16 |