J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Marcia Tiago, an individual and d/b/a Amazon.com Seller LSK Media; Alaska, Inc. and d/b/a Amazon.com Seller LSK Media; Adriana Forelle, an individual and d/b/a Amazon.com Seller A2 Trading Corp.; A2 Trading Corp. and d/b/a Amazon.com Seller A2 Trading Corp.; Amazon.com Seller EY MALL; Youn Hwan Nam, an individual and d/b/a Amazon.com Sellers channelofblessing and gonggamtop; Ji Hyun Kim, an individual and d/b/a Amazon.com Seller BizBuy International; Biz Buy International, Inc. and d/b/a Amazon.com Seller BizBuy International, and Does 1 – 10, inclusive, <br><br> Defendants. | Case No. CV15-05961 JFW (Ex) <br><br> DISCOVERY MATTER <br><br> *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE; REQUEST TO CONTINUE THE RULE 26(f) CONFERENCE AND REQUEST FOR ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVCIE OF PROCESS; DECLARATIONS IN SUPPORT THEREOF |

Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") hereby apply, *ex parte,* to this Court, for issuance of an Order, pursuant to Fed. R. Civ. P. 26(d), authorizing Plaintiffs to take expedited, pre-service discovery for the limited purpose of learning the true identity, whereabouts, and legal status of Defendants Amazon.com Seller EY MALL and Youn Hwan Nam, an

individual and d/b/a Amazon.com Sellers channelofblessing and gonggamtop (collectively "Defendants"), in order to serve them with process and, if necessary, to amend the Complaint to properly identify Defendants.

In addition, Plaintiffs respectfully request that they be granted a sixty (60) day enlargement of time within which to effect service of process within the Court's broad discretion pursuant to Federal Rules of Civil Procedure Rule 6(b) to grant such an enlargement so long as the request is made before the expiration of the period originally prescribed.

Plaintiffs further request to continue the dates for meeting and filing of the Joint Rule 26(f) Report based on non-service of Defendants.  On or about September 11, 2015, the Court issued its Order setting a Scheduling Conference for November 23, 2015, and thus requiring the Parties to file a Joint Report on or before November 9, 2015.  Because of Defendants shielding their true identities, Plaintiffs have been unable to effect service of process.

Defendants' activities cause significant and irreparable harm to Plaintiffs, and without the relief requested in the Application, Plaintiffs will be unable to vindicate their rights.  Although Plaintiffs have identified at least three Amazon.com User IDs through which Defendants conduct their infringement of Plaintiffs' valuable intellectual properties, Defendants hide their identities through third-party service providers.  To learn the true identity of Defendants and their relationship to the infringing activities, Plaintiffs, by this Application, seek to serve subpoenas for the production of documents and deposition, if necessary, pursuant to Federal Rule of Civil Procedure 45, on:

      1.      Amazon.com, Inc., the company through which Defendants' user IDs are registered and on whose platform the infringing conduct took place; and

      2.      Any other companies that are aware of the identity of Defendants that may be uncovered by Plaintiffs' limited discovery from the entity listed above.

This application is made in the interests of justice and pursuant to the Court's inherent equitable power to authorize discovery before the parties have met and conferred as provided in Federal Rules of Civil Procedure Rule 26(d).

This *Ex Parte* Application is based upon the Memorandum of Points and Authorities, the Declarations filed in support, including Exhibits attached hereto, the Complaint and any other papers and records on file in this action and upon such additional evidence and arguments as may be presented at or before the hearing on Plaintiffs' application for an order granting leave to take immediate discovery prior to the Rule 26(f) Conference and request for extension of time within which to effect service of process pursuant to Rule 6(b)..

This application is made *ex parte* without notice because Plaintiffs have been unable to identify and locate the Defendants, such relief is necessary in revealing the true identity and location of the Defendants, and this litigation cannot proceed without the discovery requested in this application.  In an abundance of caution Plaintiffs have provided written notice of this application to the named Defendants on November 4, 2015, none of whom have indicated that they intend to oppose this application.

DATED: November 5, 2015                J. Andrew Coombs, A Professional Corp.


                                       By:   /s/ J. Andrew Coombs_____
                                             J. Andrew Coombs
                                             Annie S. Wang
                                       Attorney for Plaintiffs Seiko Epson
                                       Corporation and Epson America, Inc.

# **TABLE OF CONTENTS**

**INTRODUCTION**                                                                                                       1

**FACTUAL AND PROCEDURAL BACKGROUND**                                                      1

**ARGUMENT**                                                                                                              4

**I. PLAINTIFFS' APPLICATION WARRANTS GRANTING LEAVE TO
TAKE IMMEDIATE DISCOVERY**                                                                              4

     **A.**    **Plaintiffs Have Identified the Defendants with Sufficient
            Specificity.**                                                                                                5

     **B.**    **Plaintiffs Have Described Its Efforts to Identify and Locate the
            Elusive Defendants.**                                                                                     6

     **C.**    **Plaintiffs' Action for Trademark Infringement Would Withstand a
            Motion to Dismiss.**                                                                                      6

          **a.**  **Plaintiffs' Trademark Infringement Claims**                              7

          **b.**  **Plaintiffs' Unfair Competition Claims**                                    10

     **D.**    **Plaintiffs Have Justified the Discovery.**                                          10

     **E.**    **Plaintiffs Have Shown Good Cause.**                                              11

**II. PLAINTIFFS DEMONSTRATE CAUSE PERMITTING AN
ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE OF
PROCESS**                                                                                                                 13

**CONCLUSION**                                                                                                       16

**Declaration of Herb Seitz**                                                                                    17

**Declaration of J. Andrew Coombs**                                                                     20

# **TABLE OF AUTHORITIES**

**CASES**

AMF, Inc. v. Sleekcraft Boats,
599 F.2d 341, 348-54 (9ᵗʰ Cir. 1979)…………………...........................................8

Benham Jewelry Corp. v. Aron Basha Corp.,
1997 U.S. Dist. LEXIS 15957 (S.D.N.Y. Oct. 14, 1997)...........................................11

Best Western International, Inc. v. John Doe,
2006 U.S. Dist. LEXIS 56014 (D. Ariz. July 25, 2006)...............................................12

Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,
403 U.S. 388, 91 S. Ct. 1999 (1971) ....................................................................4

Columbia Ins. Co. v. Seescandy.com,
185 F.R.D. 573, 577-578 (N.D. Cal. 1999) ..............................................  1, 4-5, 7

Dean v. Barber,
951 F.2d 1210 (11th Cir. 1992) ...........................................................................4

Efaw v. Williams,
473 F.3d 1038,  1041 (9ᵗʰ Cir. 2007)  ........................................................13, 14, 15

Entertainment Tech. Corp. v. Walt Warner Imagineering,
2003 U.S. Dist. LEXIS 19832 (E.D. Pa. Oct. 2, 2003) ...............................................11

Gillespie v. Civiletti,
629 F.2d 637 (9ᵗʰ Cir. 1980) ...............................................................................4

Henderson v. United States,
517 U.S. 654, 661, 116 S. Ct. 1638, 134 L.Ed 2d 880 (1996) ……………………...14

Levi Strauss & Co. v. Blue Bell, Inc.,
778 F.2d 1352, 1354 (9ᵗʰ Cir. 1985)…………………….........................................7

Mann v. Am. Airlines,
324 F.3d 1088, 1090 (9ᵗʰ Cir. 2003)…………………….........................................14

M2 Software, Inc. v. Madacy Entm't,
421 F.3d 1073, 1085 (9ᵗʰ Cir. 2005)....................................................................9

Maclin v. Paulson,
627 F.2d 83 (7th Cir. 1980) ................................................................................4

Oscar v. University Students Co-op. Assoc.,
965 F.2d 783, 785 (9ᵗʰ Cir.1992)........................................................................7

Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,
213 F.R.D. 418 (D. Colo. 2003) ...........................................................................11

Rocker Mgt. LLC v. John Does,
2003 U.S. Dist. LEXIS 16277 (N.D. Cal. May 29, 2003)...........................................5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Semitool, Inc. v. Tokyo Electron Am., Inc.,
208 F.R.D. 273 (N.D. Cal. 2002)...........................................................................11-12

Twentieth Century Fox Film Corp. v. Dastar Corp., 2003 U.S. Dist.
LEXIS 21194, at *7 (C.D. Cal. 2003)……………………………………………16

UMG Recordings, Inc. v. Does,
2006 U.S. Dist. LEXIS 32821 (N.D. Cal. Mar. 6, 2006) ...........................................12

Valentin v. Dinkins,
121 F.3d 72 (2d Cir. 1997) ...........................................................................................4

Vigil v. Walt Disney Co.,
1995 U.S. Dist. LEXIS 15560, at *5 (N.D. Cal. Oct. 16,
1995)………………………………………………………………………….....7

Wakefield v. Thompson,
177 F.3d 1160 (9th Cir. 1999) .....................................................................................4

Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,
202 F.R.D. 612 (D. Ariz. 2001)..................................................................................11

**RULES**

Fed. R. Civ. P. 4(m) ...................................................................................3, 13, 14, 20

Fed. R. Civ. P. 6(b) ................................................................................... ii, iii, 13

Fed. R. Civ. P. 26(d)….................................................................................................i, ii

Fed. R. Civ. P. 26(f)….........................................................i, ii, iii, 2, 3, 10, 12, 13

Fed. R. Civ. P. 45 ...........................................................................................ii, 2

# INTRODUCTION

Defendants Amazon.com Seller EY MALL and Youn Hwan Nam, an individual and d/b/a Amazon.com Sellers channelofblessing and gonggamtop (collectively "Defendants") are traffickers of unlawfully imported foreign market inkjet printers which are materially different than their authorized counterpart printers distributed in the domestic United States. Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") have met and exceeded the applicable burden by employing significant effort to identify and locate these infringers, without success. The expedited discovery sought in this application is justified and good cause exists as Plaintiffs will be without recourse against Defendants absent the relief sought herein.

Where the tortious conduct occurs through on-line activity, "[s]ervice of process can pose a special dilemma for plaintiffs." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999). The Internet enables tortfeasors "to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement" virtually "pseudonymously or anonymously" due to their providing "fictitious or incomplete identifying information" in on-line transactions. Id. at 578. Thus, courts permit discovery to uncover the identity of a defendant in order to permit compliance with service requirements, utilizing established safeguards. Id. Indeed, other federal courts have granted expedited discovery in lawsuits similar to the instant lawsuit. Declaration of J. Andrew Coombs ("Coombs Decl.") at Ex. J. Accordingly, Plaintiffs respectfully request that the subject application be granted.

# FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Complaint on file herein, Plaintiff Seiko Epson Corporation is the owner of all relevant intellectual property rights in the EPSON® trademark for

printers and related equipment.  Complaint ("Compl.") at ¶¶ 1, 10, Ex. A.  Defendants traffic in infringing grey market inkjet printers intended for foreign markets that are materially different from legitimate inkjet printers manufactured and distributed by Plaintiffs in the domestic United States.  Id. at ¶¶ 3-5.  The trademarks used by Defendants are identical to Plaintiffs', causing confusion.  The Internet fosters a level of anonymity which can make identification of those who infringe Plaintiffs' trademarks nearly impossible when defendants take steps to conceal their true identities.  Declaration of Herb Seitz ("Seitz Decl.")  at ¶¶ 2-4, Coombs Decl. at ¶ 3.  Defendants are such infringers who have provided incomplete information and taken measures to avoid and ignore responsibility for their actions using accounts serviced by third-party providers.  Seitz Decl. at ¶¶ 2-4; Coombs Decl. at ¶ 3.

Defendants have obfuscated their true identities in their on-line transactions.  Defendants were Amazon.com, Inc. ("Amazon") users operating under Amazon IDs "EY MALL," "channelofblessing," and "gonggamtop".  Seitz Decl. at ¶¶ 2-4; Coombs Decl. at ¶ 4.  Defendants shipped the infringing product under user names and other names which Plaintiffs have been unable to link to the return addresses on those shipments.  Seitz Decl. at ¶¶ 2-4; Coombs Decl. at ¶ 3.  Accordingly, Defendants' true identities and locations are unknown.  However, Amazon is an entity most likely to have information that will assist in identifying the responsible parties so that service can be effected because Defendants are incentivized to provide accurate information to allow Amazon to send and receive payments on their behalf, among other things.

Plaintiffs, therefore, seek leave of Court to serve limited discovery on Amazon and other necessary entities that may be uncovered during discovery (collectively, the "Third-Party Service Providers"), prior to the Fed. R. Civ. P. 26(f) Conference of Parties, to conclusively identify and locate the Defendants.  Plaintiffs intend to serve a Fed. R. Civ. P. 45 subpoena on Amazon seeking Defendants' true names, addresses,

and telephone numbers, as well as the identity of any associated financial institution(s) (enabling Plaintiffs to take additional discovery from the identified financial institution(s) should Plaintiffs be unable to identify and serve the Defendants after review of the records produced by Amazon).

If the Court grants this request, Plaintiffs will serve their subpoena on Amazon within ten (10) business days of receiving the Court's order.  Amazon will be able to move this Court for an Order quashing the subpoena, will be able to give notice to its subscribers that this information is being sought, and any subscriber will have the opportunity to raise any objections before this Court prior to the return date of the subpoena.  Thus, there is no countervailing reason to deny Plaintiffs' application for expedited discovery and Plaintiffs respectfully request that the application for leave to take immediate discovery be granted.

Moreover, Plaintiffs demonstrate good cause for its request for an enlargement of time of an additional 60 days within which to effect service of Process and to continue Rule 26(f) conference.  Plaintiffs filed its Complaint on or about August 6, 2015.  Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs must serve Defendants no later than on or about December 4, 2015.  Though Plaintiffs is diligently prosecuting this action and making every attempt to serve Defendants within the prescribed 120 days, Defendants' deliberate concealment of their names and locations has left Plaintiffs no recourse other than to seek information from the Third-Party Service Providers.  In doing so, Plaintiffs must await the responses from the Third-Party Service Providers and analyze the information to identify and locate Defendants.  Plaintiffs will thereafter attempt service and must again await the response and any additional information obtained by the process server; and likely, Plaintiffs will be required to re-attempt service on the evasive Defendants on multiple occasions.  Accordingly, Plaintiffs demonstrate good cause for a 60-day enlargement of time within which to serve the Defendants.

## ARGUMENT

## I.  PLAINTIFFS' APPLICATION WARRANTS GRANTING LEAVE TO TAKE IMMEDIATE DISCOVERY.

Courts routinely allow discovery to identify "doe" defendants.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); see also Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (discovery should have been permitted to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (plaintiff should have been permitted limited discovery); Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 n. 2 (1971) (noting, without discussion, the use of unnamed defendants).  This is especially true in the context of online transactions where defendants often act virtually "pseudonymously or anonymously" as tortfeasors in providing "fictitious or incomplete identifying information."  Seescandy.com, 185 F.R.D. at 578.

Courts consider the following factors, when granting motions for expedited discovery, to identify anonymous Internet users:

> (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court";
>
> (2) the previous steps taken by the plaintiff "to locate the elusive defendant";

(3) whether plaintiff's "suit against defendant could withstand a motion to dismiss"; and

(4) whether plaintiff has "justified the [need for the] specific discovery requested."

Seescandy.com, 185 F.R.D. at 578-80; see also Rocker Mgt. LLC v. John Does, No. MISC 03-003 3 CRB, 2003 U.S. Dist. LEXIS 16277, at *1-2, (N.D. Cal. May 29, 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Comcast message board; denying request for expedited discovery where the postings in question were not libelous).

Plaintiffs' application meets this standard.

**A.      Plaintiffs Have Identified the Defendants with Sufficient Specificity.**

First, Plaintiffs have sufficiently identified the Defendants such that the Court can determine that the Defendants are "real persons" who can be sued in federal court.  See Seescandy.com, 185 F.R.D. at 578-80.  Plaintiffs have identified the Defendants by the unique Amazon IDs provided to Plaintiffs throughout the course of sales transactions.  Seitz Decl. at ¶¶ 2-4.  Also, Amazon requires that users provide contact information and at times, authenticate their identity, in order to transact business using its services.  Seitz Decl. at ¶¶ 2-4; Coombs Decl. at ¶ 5.

Defendants used their Amazon accounts to conduct a substantial and ongoing commercial enterprise.  Seitz Decl. at ¶¶ 2-4.  These same accounts provide a shield against identification and responsibility for Defendants' illegal activities. Unfortunately, Defendants have eluded Plaintiffs by providing incomplete information that is not traceable to a valid identity or physical U.S. location for purposes of service of process.  Coombs Decl. at ¶ 3.  However, due to the ongoing nature of the relationships between Amazon and their users, Amazon likely possesses additional information provided by Defendants in response to, for example, requests for additional or updated information.  Id. at ¶ 5.  Amazon is also in a position to

provide information relating to financial institutions sufficient to identify and locate Defendants after reviewing its records.  Id.  Defendants are "real persons" who can be sued in federal court whose names and addresses are known to Amazon.

**B.**   **Plaintiffs Have Described Its Efforts to Identify and Locate the Elusive Defendants.**

Second, Plaintiffs have identified the steps it has taken to identify and locate Defendants and has gathered as much information about these Defendants as possible. Seitz Decl. at ¶¶ 2-4; Coombs Decl. at ¶ 3.  Plaintiffs have completed commercial transactions with Defendants using available online financial tools and sourced products from Defendants.  Seitz Decl. at ¶¶ 2-4.  Plaintiffs have conducted extensive research into all available information for Defendants, but the limited information Defendants have provided has not allowed Plaintiffs to conclusively identify and locate Defendants.  Coombs Decl. at ¶ 3.

Plaintiffs can obtain no other information about Defendants without expedited discovery from the Third-Party Service Providers.  Coombs Decl. at ¶¶ 3, 8.  Plaintiffs have selected Amazon to start because it has a continuous relationship with its sellers and may request updated and additional information throughout this relationship.  Id. at ¶¶ 4-5.   Moreover, Amazon's records will most likely yield correct information as Defendants will be motivated to ensure that data pertaining to *receipt* of payment for completed sales is accurate.  See id. at ¶ 5.  Amazon as well as any other third party service provider discovered would have personal information concerning Defendants' identities and whereabouts.

**C.**   **Plaintiffs' Action for Trademark Infringement Would Withstand a Motion to Dismiss.**

Third, the complaint sufficiently pleads a *prima facie* claim for direct trademark infringement and unfair competition that can withstand a motion to dismiss.  In ruling on a motion to dismiss, the court must accept all allegations of material fact as true

and in a light most favorable to the non-moving party.  <u>Oscar v. University Students Co-op. Assoc</u>, 965 F.2d 783, 785 (9th Cir. 1992).   Plaintiffs have alleged that they own registered trademarks and that Defendants have distributed materially different products in the United States without Plaintiffs' authorization, using those trademarks, which are likely to cause confusion or mistake to the public regarding the affiliation, sponsorship, endorsement or approval of the Defendants' unauthorized product. Compl. at ¶¶ 3-5.  These allegations state claims for trademark infringement and unfair competition, sufficient to withstand a motion to dismiss.

### a.  Plaintiffs' Trademark Infringement Claim.

Plaintiffs' claim for trademark infringement would withstand a motion to dismiss.  Registration of a mark on the principal register is "prima facie evidence… of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce…" 15 U.S.C. § 1115(a); <u>Vigil v. Walt Disney Co.</u>, 1995 U.S. Dist. LEXIS 15560, at *5 (N.D. Cal. Oct. 16, 1995); <u>Levi Strauss & Co. v. Blue Bell, Inc.</u>, 778 F.2d 1352, 1354 (9th Cir. 1985) (registration by the trademark holder constitutes *prima facie* evidence of a protected interest with respect to the good specified in the registration).  Relevant registrations and their present validity and effectiveness are alleged in the Complaint.  Compl. at ¶¶ 6-12.

The test for infringement of a federally registered trademark under the Trademark Act of 1946 ("Lanham Act") is whether the alleged infringing act creates a likelihood of confusion. <u>Seescandy.com</u>, 185 F.R.D. at 580.  In determining likelihood of confusion, the Ninth Circuit has adopted the <u>Sleekcraft</u> test, balancing the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the mark; and (8) likelihood that the

parties will expand their product lines.  <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348-54 (9th Cir. 1979).

"In particular, if goods intended for sale abroad ("gray market products") are imported into the U.S. market to compete with products authorized for sale in the U.S., sale of the gray market products under the same trademarks as the authorized products is likely to confuse consumers if the gray market products differ materially from the authorized products."  <u>Grupo Gamesa S.A. De C.V. v. Dulceria El Molino, Inc.</u>, 39 U.S.P.Q. 2d 1531, 1533 (C.D. Cal. 1996).  As affirmed by controlling authority "the threshold of materiality is always quite low" when the same mark is used on gray market goods.  <u>Societe Des Produits Nestle, S.A., V. Casa Helvetia, Inc.</u>, 982 F.2d 633, 641 (1st Cir. 1992); <u>Hokto Kinoko Co. v. Concord Farms, Inc.</u>, 738 F.3d 1085, 1093 (9th Cir. 2013) ("Because the likelihood of confusion increases as the differences between products become more subtle, the threshold for determining a material difference is low."  <u>Id.</u>).  All factors and considerations demonstrate Defendants' infringement of Plaintiffs' trademarks:

1.    <u>Strength of the Trademark</u>:  Plaintiffs' marks are exceptionally strong as they identify Plaintiffs' high quality products such that they have acquired secondary meaning in the minds of consumers throughout the world.  Compl. at ¶¶ 10-12.

2.    <u>Proximity of goods</u>:  The likelihood of confusion is heightened where as here, the goods at issue are "related or complementary."  <u>M2 Software, Inc. v. Madacy Entm't</u>, 421 F.3d 1073, 1082 (9th Cir 2005); <u>Hokto Kinoko</u>, 738 F.3d at 1093; Compl. at ¶ 3.

3.    <u>Similarity of the Marks</u>:  The foreign market goods at issue are gray market goods which use identical marks as those of Plaintiffs' authorized goods intended for the domestic United States market.  <u>Id.</u> at ¶¶ 3-5.

4.     <u>Evidence of Actual Confusion</u>:  Purchases made by third-parties of Defendants' unauthorized, unlawfully imported foreign product evidences actual confusion.  <u>Id.</u> at ¶ 28.

5.     <u>Marketing Channels Used</u>:  Defendants used the Internet to sell their infringing goods via the website www.amazon.com.  Compl. at ¶ 3.  The use of the Internet as a channel through which to market legitimate product – through company owned sites such as epson.com and third party retailers, a matter of which the Court can, if necessary, take judicial notice.  Plaintiffs also have an online commercial presence, resulting in significant overlap in advertising markets, which increase the likelihood of confusion.  <u>M2 Software, Inc.</u>, 421 F.3d at 1083.

6.     <u>Type of Goods and Care Likely to be Exercised by the Purchaser</u>: Defendants have unlawfully imported, offered, distributed and sold grey market inkjet printers intended for foreign markets such that consumers cannot differentiate between illegally imported products and legitimate products at the point of purchase. Compl. at ¶¶ 34-36.  Modern consumers, who are aware of the sensitivity of quality inkjet printers look to Plaintiffs' marks for assurance of Plaintiffs' developed and maintained goodwill and reputation for high quality products.  Compl. at ¶¶ 3, 5.

7.     <u>Defendants' Intent in Selecting the Mark</u>: Defendants' intention to confuse the public is self-evident. When a person knowingly adopts a mark identical to another's mark, the Court may infer that person's intent to confuse. <u>M2 Software</u>, 421 F.3d at 1085 (willful use creates a presumption of public deception).

8.     <u>Likelihood of Expansion of Product Lines</u>: Plaintiffs' are already using its trademarks in the class of goods and services exploited by Defendants. Furthermore, Defendants' intention to expand its product line is irrelevant as Defendants are operating an illegitimate business practice whose existing product line consists of unlawfully importing, offering, distributing and selling of grey market inkjet printers intended for foreign markets.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, the material differences in the Defendants' grey market printers which include warranty differences, differences in component power cables, the availability of effective customer support, the availability of English language printed user information, and availability of replacement inks, easily meets and exceeds the low threshold required to show materiality and creates a likelihood of confusion with Plaintiffs' authorized printers sold under the same trademarks.  Compl. at ¶ 5; Hokto Kinoko, 738 F.3d at 1093; Grupo Gamesa S.A. De C.V.. 39 U.S.P.Q. 2d at 1533.

Thus, Plaintiffs are valid trademark holders and have sufficiently alleged in their pleadings a likelihood of confusion under the applicable tests to withstand a motion to dismiss on its trademark infringement claim.

### b.  Plaintiffs' Unfair Competition Claim.

Plaintiffs' unfair competition claim under the Lanham Act is "substantially congruent" as the ultimate test under both is whether the public is likely to be deceived or confused.  Twentieth Century Fox Film Corp. v. Dastar Corp., 2003 U.S. Dist. LEXIS 21194, at *7 (C.D. Cal. 2003).

Here, the public has come to identify the Plaintiffs' trademarks with Plaintiffs and its products.  Compl. at ¶ 12.  Defendants' profiting from sales of its unlawfully imported product and related merchandise misappropriates identical trademarks, thereby deluding and confusing the public into believing that the unauthorized products are sponsored, approved or associated with Plaintiffs.  Compl. at ¶ 36.  Thus, Plaintiffs have pled facts sufficient to survive a motion to dismiss on its federal unfair competition claim.

### D.    Plaintiffs Have Justified the Discovery.

Plaintiffs have justified the need for the discovery requested.  Plaintiffs cannot wait until after the Fed. R. Civ. P. 26(f) Conference of Parties to propound this discovery because of the initial and continuous inability to serve Defendants with process, thereby making any such resulting conference impossible.  Plaintiffs have

limited the subject matter concerning the discovery and have proposed an Order incorporating safeguards which permit the individual affected to object.

### E.   Plaintiffs Have Shown Good Cause.

Plaintiffs also satisfies the "good cause" standard for allowing early discovery applied by some courts.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Warner Imagineering, No. Civ. A. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *12 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D. Ariz. 2001) (adopting a good cause standard).

The requirement that parties must meet and confer prior to seeking expedited discovery may be dispensed with if good cause is shown. Semitool, Inc., 208 F.R.D. at 275-76.  First, good cause exists where, as here, the complaint alleges claims of infringement, See Semitool, 208 F.R.D. at 276; Qwest Comm., 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."); Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997). Further, in light of Defendants' unavailability, not to mention Defendants' engagement in questionable sales practices, the relief requested in this application is essential in stemming future, continued infringement of Plaintiffs' trademarks.

Second, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants.  See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of

justice, outweighs the prejudice to the responding party.").  There is no prejudice to Defendants because Plaintiffs merely seeks information to identify and serve Defendants, and Plaintiffs agree to use the information disclosed pursuant to its subpoenas only for the purpose of protecting its rights under the law.  Moreover, as the subpoenaed Third-Party Service Providers will be able to give notice to their subscribers that this information is being sought, any subscriber, including Defendants, will have the opportunity to raise any objections before this Court prior to the return date of the subpoenas.

Third, this lawsuit is at a standstill without the limited discovery Plaintiffs seek as there is no other information Plaintiffs can obtain about the Defendants without discovery from the Third-Party Service Providers.  Defendants used the services of the Third-Party Service Providers to provide cover and to facilitate their unauthorized activities.  Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277; see also Best Western International, Inc. v. John Doe, et al., 2006 U.S. Dist. LEXIS 56014, *3-4 (Ariz. July 25, 2006) ("[Plaintiff] has satisfied the good cause requirement. [Plaintiff] has established by affidavit that it is unable to identify the John Doe Defendants by means other than the subpoenas... The case cannot proceed and a Rule 26(f) conference cannot be held until these Defendants are identified.").

Fourth, "courts have recognized that [internet service providers] typically retain user information for only a limited period, ranging from a few days to a few months" and further that good cause is shown where the information sought may be lost if discovery is delayed. Best Western, 2006 U.S. Dist. LEXIS at *3-4 citing UMG Recordings, Inc. v. Does, 2006 U.S. Dist. LEXIS 32821, 2006 WL1343597, at *1 (N.D. Cal. Mar. 6, 2006) ("Because the identities of the John Doe Defendants [are] necessary for this case to proceed and there is reason to believe that those identities may be lost if discovery is delayed, the Court concludes that [Plaintiff] has established

good cause to conduct discovery before the Rule 26(f) conference.").   Thus, Plaintiffs seek only to gather timely information from the very sources used by Defendants to further their illegal activities and only for purposes of conclusively identifying and locating them so that the lawsuit can proceed.

## II.   PLAINTIFFS DEMONSTRATE CAUSE PERMITTING AN ENLARGEMENT OF TIME WITHIN WHICH TO EFFECT SERVICE OF PROCESS.

Plaintiffs respectfully request that, pursuant to Rule 6(b), the Court grant a sixty (60) day enlargement of time within which to effect service of Summons and Complaint.

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for *cause shown* may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. Rule Civ. P. 6(b) (emphasis added).  Plaintiffs filed its Complaint on or about August 6, 2015.  Per Rule 4(m),[1] Plaintiffs must effect service of Summons and Complaint on Defendants on or about December 4, 2015.  Accordingly, Plaintiffs submits its request for an enlargement of time "before the expiration of the period originally prescribed" by Rule 4(m).  Fed. Rule Civ. P. 6(b).

---

[1] "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) quoting Fed. R. Civ. P. 4(m).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, "[d]istrict courts have broad discretion to extend time for service under Rule 4(m). . . .[as] Rule 4's 120-day time period for service 'operates not as an outer limit subject to reduction, but as an irreducible allowance.'" Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) quoting Henderson v. United States, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).  Further, "'Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period.'"  Id. quoting Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.").  Pursuant to Fed. R. Civ. P. 4(m), a district court is required to grant an extension of time for service if good cause is shown and permitted to grant such an extension even absent good cause.  Mann, 324 F.3d at 1090, n. 2 citing Henderson, 517 U.S. at 662.

Here, Plaintiffs' actions demonstrate good cause for granting an enlargement of time to effect service upon Defendants.  First, as discussed previously, Plaintiffs have in good faith made significant attempts to identify, locate and serve Defendants within the 120-day period, See Coombs Decl. at ¶ 3.  Since the filing of the Complaint, Plaintiffs have researched available public records, including extensive research online and by other means, in search of contact information for Defendants, including any and all possible aliases, dba's, email addresses, websites and physical locations.  Id.  Unfortunately, the information concerning Defendants is incomplete and/or incorrect, and Plaintiffs have not been able to complete service.  Accordingly, Plaintiffs' efforts to effect service demonstrate good faith effort to diligently prosecute this Action and good cause for an enlargement of time.

Second, Defendants will not suffer prejudice by virtue of the delayed service.  Pursuant to Rule 4(m), Plaintiffs are to serve Defendants on or before December 4, 2015.  Coombs Decl. at ¶ 2.   Plaintiff requests only an extension of 60 days within which to serve Defendants.  Accordingly, this is not a significant delay during which

memories may fade or evidence be lost that would prejudice Defendants.  Id.; but see Efaw v. Williams, 473 F.3d at 1041 (finding that an extraordinary delay of seven years prejudiced Defendant).

Finally, assuming *arguendo* that Plaintiffs' Application for leave to take immediate discovery is granted, Plaintiffs demonstrates good cause for its request for an enlargement of time of an additional 60 days within which to effect service on Defendants.  Though Plaintiffs are diligently prosecuting this action and making every attempt to serve Defendants within the prescribed 120 days, Defendants' deliberate concealment of their location have left Plaintiffs no recourse other than to seek information from Third-Party Service Providers.  In doing so, Plaintiffs must wait 21 days for the information from the Third-Party Service Providers and subsequently analyze the information produced to identify and locate Defendants.  Plaintiffs will thereafter attempt service and must again await the response and any additional information obtained by the process server.  Likely, Plaintiffs will be required to re-attempt service on the evasive Defendants on multiple occasions.  Under the circumstances, Plaintiffs demonstrates that it is diligently prosecuting the Action and good cause exists for a 60-day enlargement of time within which to serve the Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

## <u>CONCLUSION</u>

For the foregoing reasons, and as it has no other recourse absent this Court's intervention, Plaintiffs respectfully requests that the Court grant the *Ex Parte* Application and enter an Order substantially in the form of the attached Proposed Order.

DATED:  November 5, 2015          J. Andrew Coombs, A Professional Corp.


By: ___/s/ J. Andrew Coombs_____
              J. Andrew Coombs
              Annie S. Wang
Attorneys for Plaintiffs Seiko Epson
Corporation and Epson America, Inc.

## DECLARATION OF HERB SEITZ

I, HERB SEITZ, declare as follows:

1.      I am over 18 years of age and am an outside independent investigator for Epson America, Inc. ("Epson America") with responsibilities for anti-piracy enforcement.  I have worked with Epson America since 2000.  Plaintiff Epson America is a wholly-owned subsidiary of Plaintiff Seiko Epson Corporation ("SEC") responsible for the North American sales, marketing and customer service affiliate of SEC.  Epson America is SEC's exclusive licensee for the distribution of inkjet printers using SEC's trademarks.  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.      On or about July 15, 2015, I reviewed an offer for and successfully purchased an "Epson LA L555 Inkjetpr P/C/S/F 33PPM" from Amazon.com User EY MALL.  Payment was made directly through Amazon.com, and I received multiple emails from Amazon.com confirming the purchase.  True and correct copies of the offer and redacted printouts confirming my successful purchase of an "Epson LA L555 Inkjetpr P/C/S/F 33PPM" sold by Amazon.com User EY MALL are collectively attached hereto as Exhibit A.

3.      On or about July 15, 2015, I received an email notification from Amazon.com User ID EY MALL confirming that my order for the "Epson LA L555 Inkjetpr P/C/S/F 33PPM" had been upgraded to an Epson inkjet printer model "L565," and that both models were identical except the "L565" model supported both wireless and wired connections.  A true and correct copy of the email notification confirming the upgrade from the "Epson LA L555 Inkjetpr P/C/S/F 33PPM" to the "L565" model is attached hereto as Exhibit B.

4.      Thereafter I received a package containing the aforementioned item I purchased from Amazon.com seller EY MALL, which identified a return address of

"Goni Global, 511-20 AMSA-DONG, GANGDONG-GU, 134-877 Seoul, Korea, Republic of (South K.)," which I am informed and believe is the address for a Korean wholesaling business.  True and correct copies of the redacted shipping label for the package I received as well as true and correct copies of photographs of the "Epson LA L565 Inkjetpr P/C/S/F 33 PPM" are attached collectively hereto as Exhibit C.  Upon reviewing the discs, I determined the inkjet printer was a grey market Epson inkjet printer not intended for the U.S. market.

5.      On or about July 8, 2015, I reviewed an offer for and successfully purchased an "Epson L120 Inkjet Color All-in-One Printer – Ink Tank System (ITS)" from Amazon.com User channelofblessing.  Payment was made directly through Amazon.com.  True and correct copies of the offer and redacted printouts confirming my successful purchase of "Epson L120 Inkjet Color All-in-One Printer – Ink Tank System (ITS)" sold by Amazon.com User channelofblessing are collectively attached hereto as Exhibit D.

6.      Payment was made directly through Amazon.com, and I received an email from Amazon.com confirming the purchase.  A true and correct copy of the email received from Amazon.com confirming my successful purchase of "Epson L120 Inkjet Color All-in-One Printer – Ink Tank System (ITS)" sold by Amazon.com User channelofblessing are collectively attached hereto as Exhibit E.

7.      Thereafter I received a package containing the aforementioned item I purchased from Amazon.com seller channelofblessing, which identified a return name and address of "Youn Hwan Nam, 102-707 Dong Nam Apt., 136-5 Geum Gok Dong, Seo-Yu Incheon, 404-330 Republic of Korea."  True and correct copies of the redacted shipping label for the package I received as well as true and correct copies of photographs of the "Epson L120 Inkjet Color All-in-One Printer – Ink Tank System

(ITS)" are attached collectively hereto as Exhibit F.  Upon review, I determined the inkjet printer was a grey market Epson inkjet printer not intended for the U.S. market.

8.    On or about July 15, 2015, I reviewed an offer for and successfully purchased the "Epson L210 Inkjet Printer Copier Scanner All-in-One with Ink Tank" from Amazon.com User gonggamtop.  Payment was made directly through Amazon.com, and I received an email from Amazon.com confirming the purchase. True and correct copies of the offer and redacted printouts confirming my successful purchase of "Epson L210 Inkjet Printer Copier Scanner All-in-One with Ink Tank" sold by Amazon.com User gonggamtop are collectively attached hereto as Exhibit G.

9.    Thereafter I received a package containing the aforementioned item I purchased from Amazon.com seller gonggamtop, which identified a return name and address of "Youn Hwan Nam, 102-707 Dong Nam Apt., 136-5 Geum Gok Dong, Seo-Yu Incheon, 404-330 Republic of Korea."  True and correct copies of the redacted shipping label for the package I received as well as true and correct copies of photographs of the "Epson L210 Inkjet Printer Copier Scanner All-in-One with Ink Tank" are attached collectively hereto as Exhibit H.  Upon review, I determined the inkjet printer was a grey market Epson inkjet printer not intended for the U.S. market.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this **3rd** day of November 2015 at Long Beach, California.

HERB SEITZ

# DECLARATION OF J. ANDREW COOMBS

I, J. ANDREW COOMBS, declare as follows:

1.     I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California.  I am an attorney for Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") in an action styled <u>Seiko Epson Corp., et al. v. M. Tiago, et al.</u>, Case Number CV15-05961 JFW (Ex).  Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.     I am informed and believe that Plaintiffs filed their Complaint on or about August 6, 2015.  I am informed and believe that, pursuant to Rule 4(m), Plaintiffs are to serve all Defendants on or before December 4, 2015.

3.     I am informed and believe that prior to the filing of the Complaint and through the filing of this *ex parte* application, Plaintiffs have spent a considerable amount of time and resources tracing all known legal names and contact information for each of the Defendants.  As part of these efforts, my office conducted online records research, including extensive research on third-party records platforms and by other means, in search of the true identity and contact information for Defendants, including any and all possible aliases, dba's, email addresses, websites and physical locations.  I am informed and believe that my office could not conclusively link the Amazon IDs, the names provided in the sales transactions and the provided return addresses to any individuals or businesses nor locate any legitimate addresses for the Defendants Amazon.com Seller EY MALL and Youn Hwan Nam, an individual and d/b/a Amazon.com Sellers channelofblessing and gonggamtop.

4.     I am also informed and believe Plaintiffs settlement negotiations with those Defendants it has been able to serve have failed to yield any information identifying these anonymous Defendants

5.      I am informed and believe that based on the research conducted by my office and as outlined in the Declaration of Herb Seitz, Defendants use the services of Amazon.com ("Amazon") to sell unauthorized Epson product.  I am informed and believe that Amazon likely possesses additional information about Defendants due to its ongoing relationship with Defendants.

6.      Amazon is an online sales platform which operates websites located at www.amazon.com, where a large number of inkjet printers and other items are offered for sale through Amazon's websites.  Sellers (and buyers) are designated by "User IDs" which are selected by the Amazon user when an account is established.  Sellers are required to create a seller's account, which prompts the seller to provide personal and, usually, financial account information for purposes of payment and fees charged by Amazon.  I am further informed and believe that Amazon has indicated that it will provide its information regarding the true identities and locations for Defendants upon service of a valid subpoena.  A true copy of the Amazon Privacy Policy is attached hereto as Exhibit I.

7.      The requested Order granting Plaintiffs' Application for Leave to Take Immediate Discovery is Plaintiffs' only remaining option available to identify and locate Defendants.  Without expedited discovery, Plaintiffs have no way of serving or identifying Defendants by their true names.  Plaintiffs do not have Defendants' true name(s), address(es), e-mail address(es), or any other way to identify or locate Defendants.  As described in the declaration and as evidenced by the Exhibits attached hereto, the Amazon User IDs are linked to inconclusive addresses.

8.      Should the information provided by Amazon, or any other third-party service provider, provide a postal mailbox address or other invalid information, Amazon's identification of Defendants' financial institution(s) will enable Plaintiffs to take additional discovery from the identified financial institution if that is required to identify Defendants.

9.     Obtaining the identity of infringers on an expedited basis is critical to prosecution of this action and stopping the continued infringement of Plaintiffs' trademarks.  Defendants' true identities and locations remain unknown.

10.     I request, pursuant to Federal Rules of Evidence, Rule 201(b) that the Court take judicial notice of the following documents attached hereto as Exhibit J, of copies of select orders entered in anti-piracy cases where expedited (pre-Rule 26) discovery has been ordered where the Defendants' identity and/or location is otherwise unknowable.

11.     The named Defendants that Plaintiffs have identified and have since been able to locate and serve have been in engaged in settlement discussions and those claims have been resolved.

12.     Further, on or about November 4, 2015, I transmitted notice via e-mail of the filing of this Ex Parte Application to all the named Defendants, none of those Defendants have indicated that they intend to oppose this application.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

Executed this 5th day of November 2015 at Glendale, California.

_____/s/ J. Andrew Coombs_____
J. ANDREW COOMBS